## LANDRY *v.* PETERSON et al.

Where a slave sold on the 5th, was found to be seriously ill of a typhus-fever on the 7th of the month, of which he died on the next day, the disease will be presumed to have existed at the time of the sale, in the absence of evidence that, though subsequently developed, it did not exist at that time. C. C. 2508.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Griffon*, for the plaintiff. *Peyton*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The object of this action is to get back the price paid to defendants by the plaintiff, for a slave. The slave was bought on the 5th February, and was found to be sick on the afternoon of the 7th. A physician who was immediately called in, pronounced the disease typhus fever. The slave died on the morning of the 8th. The district judge decreed the restoration of the price, and the defendants appealed.

The district judge was satisfied upon the question of identity; and, we think, his opinion was justified by the evidence. The appellants insist, however, that the disease did not exist before the sale; and rely upon the testimony of witnesses who prove that the slave was apparently in good health on the day of the sale, and for some time previously. That the slave was seriously ill on the 7th February, and died on the 8th, is proved. The buyer who institutes the redhibitory action must prove that the vice existed before the sale. But, in certain cases, the buyer is relieved by a legal presumption from the necessity of direct proof. "If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale." Civil Code, 2508. But it is said by the defendants' counsel that the presumption created by the Code is not a conclusive presumption, but one which merely shifts the burden of proof, and may be rebutted by the seller. We do not deem it necessary to decide the point; for, if that interpretation be correct, still the testimony adduced by the defendants is not of such a character as to satisfy the mind that the disease, although subsequently developed, did not exist before the sale.                                        *Judgment affirmed.*